UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL NIEVES,

               Plaintiff,

-against-

LAURA WARD – SUPREME COURT JUSTICE,

               Defendant.

1:22-CV-1382 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Michael Nieves, who is currently held in the Bellevue Hospital Prison Ward, filed this *pro se* action under 42 U.S.C. § 1983, seeking damages as well as declaratory and injunctive relief. Plaintiff sues Justice Laura Ward, of the New York Supreme Court, New York County. By order dated February 24, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

      The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff alleges the following with respect to his pending criminal proceedings in the New York Supreme Court, New York County: Two New York Supreme Court Justices who previously presided over Plaintiff's criminal proceedings recused themselves from those proceedings after Plaintiff sued those Justices in federal court. Following those recusals, Justice Ward was assigned to Plaintiff's state court criminal proceedings. In October 2021, Justice Ward ordered Plaintiff to undergo a competency examination under Article 730 of the New York Criminal Procedure Law. Justice Ward issued that order in "an obviously intended malicious and retaliatory strategy to avenge" the other Justices who had previously recused themselves from Plaintiff's criminal proceedings. (ECF 2, at 2.) Justice Ward also violated Plaintiff's federal constitutional rights by denying Plaintiff an opportunity "to speak in defense against the false charges . . . [and] to either encourage the judge to dismiss the case or reduce the charges to misdemeanors, [issue a sentence of] time-served [via a] plea bargain[,] . . . or at leas[t] [order Plaintiff's] [r]elease on [his own] [r]ecognizance. . . ." (*Id.* at 2-3.)

In addition to damages, Plaintiff asks this Court to issue unspecified declaratory relief as well as unspecified immediate injunctive relief "against the Manhattan Supreme Courthouse's continuous malicious[] prosecution and malfeas[a]nt judicial 'decisions & orders.'" (*Id.* at 3.)

## DISCUSSION

**A.**     **Judicial immunity**

The Court must dismiss Plaintiff's claims under Section 1983 for damages and injunctive relief against Justice Ward under the doctrine of judicial immunity. Under this doctrine, judges are absolutely immune from civil suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation. . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). Moreover, Section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

There are only two sets of circumstances in which judicial immunity does not apply: (1) when a judge takes action that is outside the judge's judicial capacity, or (2) when a judge takes action, that, although judicial in nature, is in the absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12. Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven*, 579 F.3d at 210. "[T]he scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Plaintiff's claims under Section 1983 for damages and injunctive relief against Justice Ward arise from her actions while presiding over Plaintiff's pending state court criminal proceedings. Accordingly, the Court dismisses those claims under the doctrine of judicial

immunity and as frivolous.² *See* § 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) (claims dismissed because of judicial immunity are frivolous for the purpose of the IFP statute, 28 U.S.C. § 1915).

## B.     The *Younger* abstention doctrine

To the extent that Plaintiff asserts any remaining claims under Section 1983 for injunctive and declaratory relief that, if successful, would cause this Court to intervene in Plaintiff's pending state court criminal proceedings, the Court must dismiss those claims. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court of the United States held that a federal court may not enjoin a pending state court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger*, 401 U.S. 37); *see also Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) ("*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."). "The *Younger* doctrine is as applicable to suits for declaratory relief as it is to those for injunctive relief. . . ." *Kirschner v. Klemons*, 225 F.3d 227, 235 (2d Cir. 2000).

Plaintiff has alleged no facts showing bad faith, harassment, or irreparable injury with respect to his pending state court criminal proceedings. The Court will therefore not intervene in

---

² Plaintiff cannot properly seek injunctive relief against Justice Ward under Section 1983 because that statute permits injunctive relief against a judge only if a declaratory decree was violated or declaratory relief is unavailable. Declaratory relief is available to Plaintiff because he may appeal Justice Ward's decisions to the New York Supreme Court, Appellate Division, First Department, and to the New York Court of Appeals. *See generally Berlin v. Meijias*, No. 15-CV-5308, 2017 WL 4402457, at *4 (E.D.N.Y. Sept. 30, 2017) ("Here, no declaratory decree was violated and declaratory relief is available to plaintiffs through an appeal of the state court judges' decisions in state court."), *appeal dismissed*, No. 17-3589 (2d Cir. Apr. 18, 2018) (effective May 18, 2018).

those proceedings and dismisses, under the *Younger* abstention doctrine, any of Plaintiff's remaining claims for injunctive or declaratory relief that, if successful, would cause this Court to intervene in those proceedings.

**C.**     ***Habeas corpus* relief**

To the extent that Plaintiff seeks his release from confinement, the Court construes Plaintiff's complaint as seeking *habeas corpus* relief. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). For a state pretrial detainee, the appropriate vehicle for such relief is a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. *See, e.g.*, *Nieves v. Best*, No. 21-CV-7171, 2021 WL 4806376, at *3 (S.D.N.Y. Oct. 13, 2021), *appeal filed*, No. 21-3055 (2d Cir.); *Robinson v. Sposato*, No. 11-CV-0191, 2012 WL 1965631, at *2 (E.D.N.Y. May 29, 2012); *see also Hoffler v. Bezio*, 831 F. Supp. 2d 570, 575 (N.D.N.Y. 2011), *aff'd on other grounds*, 726 F.3d 144 (2d Cir. 2013); *Marte v. Berkman*, No. 11-CV-6082, 2011 WL 4946708, at *5 (S.D.N.Y. Oct. 18, 2011), *aff'd on other grounds sub nom.*, *Marte v. Vance*, 480 F. App'x 83 (2d Cir. 2012) (summary order). For a convicted state prisoner, the appropriate vehicle for such relief is a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2254(a).

A petitioner must first exhaust available state-court remedies before seeking Section 2241 or Section 2254 *habeas corpus* relief in the federal courts. *See* § 2254(b)(1)(A) (exhaustion requirement for Section 2254 petitions); *United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While [§ 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism.").

While it is unclear whether Plaintiff is a state pretrial detainee or a convicted state prisoner, he has failed to allege any facts showing that he has exhausted his available state-court

remedies before seeking *habeas corpus* relief in this Court. Accordingly, the Court dismisses Plaintiff's claims for *habeas corpus* relief without prejudice.[3]

**D.     The Court denies Plaintiff leave to amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses this action. The Court dismisses Plaintiff's claims for damages and injunctive relief against Justice Ward under the doctrine of judicial immunity and as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i), (iii). The Court dismisses Plaintiff's remaining claims for injunctive and declaratory relief under the *Younger* abstention doctrine. The Court dismisses Plaintiff's claims for *habeas corpus* relief without prejudice.

---

[3] Under the gatekeeping provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a *habeas corpus* petitioner must obtain authorization from the appropriate Court of Appeals before filing a second or successive *habeas corpus* petition. *See* 28 U.S.C. § 2244(b)(3)(A). A petition is "second or successive" if a previous *habeas corpus* petition was decided on the merits. *See Graham v. Costello*, 299 F.3d 129, 132 (2d Cir. 2002). Because conversion of a submission into a *habeas corpus* petition may restrict a petitioner's future attempts to seek *habeas corpus* relief, district courts must normally give a *pro se* petitioner notice and an opportunity to withdraw his submission before a court recharacterizes it as a petition under Section 2241 or Section 2254. *See Simon v. United States*, 359 F.3d 139, 144 (2d Cir. 2004) (Section 2241 petition); *Cook v. New York State Div. of Parole*, 321 F.3d 274, 282 (2d Cir. 2003) (Section 2254 petition). Here, however, giving Plaintiff notice and granting him an opportunity to withdraw is unnecessary because dismissal without prejudice does not trigger the AEDPA's restrictions on second or successive petitions. *See Slack v. McDaniel*, 529 U.S. 473, 489 (2000).

Because Plaintiff makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   March 3, 2022
         New York, New York

                                           /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                           Chief United States District Judge