UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL NIEVES,

                Plaintiff,

-against-

LAURA WARD – SUPREME COURT JUSTICE,

                Defendant.

1:22-CV-1382 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff filed this action *pro se* while he was held in the Bellevue Hospital Prison Ward. In an order and judgment dated and entered on March 3, 2022, the Court dismissed this action *sua sponte*. (ECF 5 & 6); *Nieves v. Ward*, No. 1:22-CV-1382, 2022 WL 623896 (S.D.N.Y. Mar. 3, 2022). On March 9, 2022, the Court received from Plaintiff an amended complaint; it was labeled with the wrong docket number and was not entered on the docket until April 26, 2022.[1] (ECF 7.)

    Because it appears that Plaintiff filed his amended complaint on or about March 5, 2022, after the Court had dismissed this action, the Court construes the amended complaint as a motion to alter or amend a judgment and for reconsideration, brought under Rule 59(e) of the Federal Rules of Civil Procedure ("Rule 59(e)") and Local Civil Rule 6.3 or, alternatively, as a motion seeking relief from a final judgment or order, brought under Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)").[2] *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d

---

[1] Plaintiff, who is now being treated in the Mid-Hudson Forensic Psychiatric Center, in New Hampton, New York, filed this submission while he was still held in the Bellevue Hospital Prison Ward. In this submission, he claims to be both a "pretrial detainee" and a "committed detainee" (ECF 7, at 1), but there is no indication that he has been adjudicated incompetent.

[2] Plaintiff signed this submission, and had it notarized, on March 2, 2022. (ECF 7, at 3.) He has also attached, however, a "declaration of service by mail,' which he signed, and had

Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's motion, the Court denies the motion.

## DISCUSSION

**A.     Rule 59(e) relief**

A party who moves to alter or amend a judgment under Rule 59(e) must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206, 209-10 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which [a] party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted).

---

notarized, on February 19, 2022, stating that this submission is dated March 1, 2022, and that on the next day, March 2, 2022, he mailed it to the court. (*Id.* at 34.) The envelope in which this submission was delivered to the court was postmarked March 5, 2022. (*Id.* at 42.) In light of the inconsistent dates, and because the date on which Plaintiff actually delivered this submission into the Bellevue Hospital Prison Ward's mail system for its mailing to the court remains unclear, the Court will regard this submission as filed on or about March 5, 2022, the date when the envelope in which this submission was delivered to the court was postmarked, which is after the Court dismissed this action.

Plaintiff has not shown that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. In his motion, he merely reiterates, by reference, the allegations he made in his original complaint, as well as refers to a state-court petition for a writ of *habeas corpus* that he has attached to the motion. The Court therefore denies Plaintiff relief under Rule 59(e).

**B.      Local Civil Rule 6.3 relief**

The standards governing Rule 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 508-09 (discussion in the context of both Local Civil Rule 6.3 and Rule 59(e)). Thus, a party seeking reconsideration of any order under Local Civil Rule 6.3 must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *Id*. at 509.

As discussed above, Plaintiff has not shown that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. The Court therefore denies Plaintiff relief under Local Civil Rule 6.3.

**C.      Rule 60(b) relief**

Under Rule 60(b), a party may seek relief from a district court's final order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff does not show that any of the grounds listed in the first five clauses of Rule 60(b) apply. The Court therefore denies Plaintiff relief under Rule 60(b)(1)-(5).

To the extent that Plaintiff seeks relief under Rule 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A litigant seeking Rule 60(b)(6) relief must show both that his motion was filed within a "'reasonable time'" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). Plaintiff does not show that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

The Court construes Plaintiff's amended complaint (ECF 7) as a motion to alter or amend a judgment and for reconsideration, brought under Rule 59(e) of the Federal Rules of Civil Procedure and Local Civil Rule 6.3 or, alternatively, as a motion seeking relief from a final judgment or order, brought under Rule 60(b) of the Federal Rules of Civil Procedure. The Court denies the motion.

This action is closed. The Clerk of Court will only accept for filing documents that are directed to the United States Court of Appeals for the Second Circuit. If Plaintiff files other documents that are frivolous or meritless, the Court will direct Plaintiff to show cause why the Court should not bar Plaintiff from filing further documents in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  June 2, 2022
        New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge